(C.D. 4703)

Mitsubishi International Corp. *v.* United States

Consolidated Court No. R66/7083

(Dated June 23, 1977)

*Sharretts, Paley, Carter & Blauvelt (Peter Jay Baskin* of counsel);* *Lane, Young & Fox (Peter Jay Baskin, Michael O'Rourke* and *Ellsworth F. Qualey* of counsel);** for the plaintiff.

---

[7] In view of this conclusion, it is unnecessary to consider plaintiff's further argument that the imported gas lamps and stems are entireties classifiable under item 653.30.

*Substituted as attorneys of record on June 1, 1977.

**Attorneys of record at the trial.

*Barbara Allen Babcock,* Assistant Attorney General (*Robert B. Silverman* and *David R. Ostheimer,* trial attorneys), for the defendant.

DECISION, JUDGMENT AND ORDER

BOE, Judge.

WHEREAS the plaintiff has filed in this court approximately 11,000 causes of action relating to the dutiable value under section 402a(g) of the Tariff Act of 1930, as amended, on miscellaneous styles and patterns of rubber sole canvas footwear imported into the United States from Japan, Taiwan, Korea and the Philippine Islands between January 1, 1963 and December 31, 1969, and

WHEREAS by prior order of this court entered under date of July 18, 1975, 128 of the aforesaid causes of action were consolidated for purpose of trial and thereafter designated as Consol. Court No. R66/7083; that pursuant to the rules of this court, the aforesaid consolidated cause of action was designated a test case by order of the court entered under date of July 18, 1975, under which test case the plaintiff suspended the remaining causes of action specifically included in the schedule attached to the order of this court in the case of *Mitsubishi International Corp., et al.* v. *United States,* Court No. R66/12197, etc., entered under date of December 27, 1973, and

WHEREAS trial of the consolidated cause of action Court No. R66/7083 commenced before this court on April 29, 1976 and on June 10, 1976 was concluded and submitted to this court for determination upon submission of briefs by counsel, and

WHEREAS parties hereto with the approval of the Attorney General of the United States having reached a negotiated settlement of all of the causes of action filed by the plaintiff, as aforereferred to, now:

> (1) Seek a decision and judgment of this court determining the American selling price valuation of each article of merchandise included in the cause of action designated Consol. Court No. R66/7083 to be in the amount specified in the schedule attached to the written stipulation of the parties hereto and filed with this court under date of June 15, 1977, and
>
> (2) Agree that the plaintiff abandon all of the remaining causes of action hereinbefore referred to in accordance with rule 8.3(a)(1) of this court and thereafter without further supervision or direction by this court, mutually agree upon the American selling price valuation of each article of merchandise included in all of the remaining actions filed by the plaintiff as hereinbefore referred to pursuant to the terms of an independent and supplemental agreement entered into by the parties, which supplemental agreement has neither been filed nor made a part of this proceeding, and

WHEREAS in order to expeditiously and effectively process the determination of the appropriate valuations of the articles of merchandise in all of the causes of action hereinbefore referred to as

agreed upon by stipulation, whether filed with this court or otherwise, the parties have requested that the file or files of each cause of action be made physically available by the clerk of this court to the Customs Section, Office of the Assistant Attorney General, thereby permitting the determination of the negotiated valuation of all such merchandise under the immediate direction of that office and representatives of the plaintiff, now therefore, it is hereby

ORDERED, ADJUDGED AND DECREED

(1) That the various articles of footwear, specifically described by pattern number on the schedule attached to the stipulation made and entered into by the parties hereto through their respective counsel and filed with this court on the 15th day of June 1977 are properly dutiable on the basis of American selling price as defined in section 402a(g), Tariff Act of 1930, as amended, and that the proper value for each article is the value designated on the attached schedule by the column entitled "DUTIABLE VALUE (PER PAIR)."

(2) That the clerk of this court is authorized to transmit to the custody of the chief of the Customs Section, Office of the Assistant Attorney General, 26 Federal Plaza, New York, New York, upon request, the files of this court relating to and designated Consol. Court No. R66/7083 as well as the files of all other causes of action filed by the plaintiff and presently suspended thereunder and which are specifically included on the schedule attached to the order of this court entered under date of December 27, 1973, in the case of *Mitsubishi International Corp., et al.* v. *United States*, Court No. R66/12197, etc.

(3) That upon the final determination of the appropriate valuations in conformity with the terms of the stipulation filed herein and the independent and supplemental agreement entered into between the parties, the chief of the Customs Section, Office of the Assistant Attorney General, shall transmit directly to the customs official at the appropriate port of entry, the necessary papers and directives requisite to effect proper liquidation and to thereupon promptly return to the clerk of this court the file of each cause of action.